I'm going to have to call him for the last piece. Next case is Tommy Parrish v. Secretary of Veterans Affairs, 2010-7010, Ms. Booth. Thank you, Your Honor. To please the court, I'm Sandra Booth, representing the appellant Tommy Parrish. Mr. Cox, if I may, Your Honor. You may, depending upon what you push to do. You may do that. I'll hopefully present a more cogent argument, Your Honor. In the proceedings below, Mr. Parrish challenged the finality of the 1986 Board of Veterans Appeals decision to the extent that it denied his claim for compensation based on psychiatric disabilities. The issue before the court today is whether the board can take jurisdiction and make a final determination on a claim where the agency of original jurisdiction, the regional office in this case, has not issued a statement of the case. The controlling statutes in 1986 were at section 4002, which authorizes the board to make a final determination on a proceeding instituted before the board. The other particularly pertinent statute to this inquiry in 1986 was at 4005, which describes the procedure by which a proceeding is instituted before the board on appeal from the regional office. The secretary agrees that a timely notice of disagreement is jurisdictional, but argues that a statement of the case is merely a claims processing rule. Henderson is instructive on that issue. Didn't Mr. Parrish get his PTSD issue decided? He got it decided in 1986, but certainly through a defective proceeding, Your Honor, and that decision, if the board was without jurisdiction as we submit it was, then that decision, he actually did not get a decision because that decision would be void of an issue. Was there any prejudice to him for not getting what you say he should have gotten in the way of a statement of the case? There certainly was, Your Honor. What was the prejudice? First of all, the statement of the case, before a statement of the case is issued under the statute, both in 1986 and today, the regional office is required to take a second look at the case, make a determination whether additional development is required. Only if the regional office has made that determination does the statement of the case issue. If it has made that determination and it still does not resolve the disagreement, then the statement of the case is issued. Mr. Parrish was deprived of that second look. The vet was not informed of his appeal rights, and that becomes critical because the regional office first informed him of the decision denying his claim. What did he appeal? I beg your pardon? He filed a substantive appeal. Well, he didn't know that he filed a substantive appeal until the Court of Appeals Veterans Claims made that decision. It was treated as that, so how was he prejudiced? Because he still did not get a fair process because he did not understand the time limits which he would have been provided with respect to submitting additional evidence. For example, the supplemental statement of the case, which is his first notice of the decision, informed him the case is going to the Board of Veterans' Appeals and he has 30 days to submit additional evidence. Did he file an appeal on the effective date issue? He did not, Your Honor. That's pretty telling, isn't it? Well, at the time the effective date issue, when he was granted service connection for PTSD in 1997, he would still have had to attack, go back to try to open up the board decision in 1986. If that board decision is not void of an issue due to lack of jurisdiction, then the regional office correctly assigned an effective date and that was the state of the record at that time. That's an assumption he made, if he really made it at that time, that he failed to avail himself of the best opportunity to challenge the effective date. Well, that, I think, would not bar him from challenging the effective date through the CUE procedure by attacking the jurisdiction, challenging finality of that 1986 decision based on a failure of jurisdiction. But Judge Scheich, if I may continue with some other issues, other evidence of how he was prejudiced, I would also note that the Secretary's regulations concede, and Judge Cholin's decision at the conclusion also notes this, that failure to issue a statement of the case is, in fact, a due process violation. Following the... I guess in interpreting the Constitution, we don't have to defer to the regulation, do we? Well, I don't believe you do, Your Honor. However, I think that it carries strong weight with respect to the Secretary's view about the importance of a statement of the case with respect to whether or not the veteran has had a fair hearing, a fair process, with respect to the adjudication of his claim. And certainly, the Secretary's confession that the statement of the case, failure to issue it, is a due process violation would be strong weight that we would think the Court would consider in making that decision. Under the regulations that existed at that time, this document that was labeled a supplemental statement of the case did everything that a statement of the case would have done, didn't it? No, it did not, for this reason. Number one, it did not give the veteran... that was the decision. The veteran filed what was construed as a notice of disagreement afterwards. That notice of disagreement never generated the preliminary second look at his case to determine if additional development was needed. When he filed the document which the VA construed as a notice of disagreement, and that was in December of 1985, his veteran's service officer also submitted additional evidence. Again, he had a right to have a statement of the case which, by which... So what you're saying is that the content of the supplemental statement of the case and the content of the statement of the case would have been the same, but that the label affected his right to get a second consideration from the VA? No. No? No, I'm not. Had the supplemental statement of the case, number one, been issued after the notice of disagreement and not before, and if it had generated this second look at his case, and we have no evidence that it did and certainly was not required with respect to a supplemental statement of the case... But the content of the document was the same, right? I beg your pardon? The content of the document was the same. It's the label that was wrong. No, I... What was wrong about the content of the document? The content of the document, the supplemental statement of the case... Again, I think it's very important to remember this was the notice of the decision. It was not a document issued for the purpose of perfecting the board's jurisdiction. In connection, at the same time, in December 1985, when the VSO filed... What was wrong with the content of the document? That's what I'm coming to, Your Honor. In December 1985, when the veteran's VSO filed what was construed as a notice of disagreement, he also submitted additional evidence under the regulations. Then and now, he was entitled to have that additional evidence reviewed in the first instance by the regional office. Typically, that review... You're not addressing my question. That is a consequence you say flows from its being labeled a statement of the case. I'm saying what in the nature of the document itself, in the content of the document, in terms of what it told him, what's different? Well, Your Honor, the error is in the timing of the issuance of the supplemental statement of the case because it does not give the veteran what he was entitled to. Number one, that second look. Number two, it did not address the subsequently submitted evidence in the first instance at the regional office level. The supplemental statement of the case, had it been issued after the notice of disagreement, would have presumably addressed the veteran's new evidence as it was. A statement of the case was never issued after the notice of disagreement was filed. The case went directly to the board where the board, in the first instance, had that evidence before it, thereby violating what we now know in DAV versus the Secretary of Veterans Affairs, the case which reviewed the Secretary's BCAA regulations. One review on appeal requirement bars the board, absent a waiver from the veteran, bars the board from considering the veteran's new evidence in the first instance. That was entirely consistent with what the regulations at that time in 1986 required. The one review on appeal language in 7104, which was reviewed in DAV, is also in 4004, which was in effect in 1986. Finally, Your Honor, I think that the veteran could reasonably rely on a statement of the case being issued following the filing of his notice of disagreement. And again, that SSOC preceded the notice of disagreement. The veteran could reasonably have assumed that a statement of the case would be issued, and that's how the veteran knows how much time he has to submit additional evidence. It's how he knows how that evidence has been considered by the regional office. It assists him in framing his appeal to the Board of Veterans' Appeals. Mr. Parrish did not get the benefit of any of those matters. Ms. Booth, you're into your rebuttal time. You can continue or save it as you wish. I would like to save it, Your Honor. Thank you. Ms. Burke. May it please the Court. The statement of the case is supposed to do a few things. One of them is to acknowledge receipt of the notice of disagreement and then provide a summary of the evidence and a decision to the veteran. It is not an opportunity for the VA to hijack all appellate proceedings by simply not complying with the statute. What we have here is a rather unusual situation. It's not the way that any of the similar cases have come up. We have an unusual situation where the VA did not issue a statement of the case but nevertheless provided Mr. Parrish with all of the information that he required to pursue his appeal effectively, and we know that because he appealed his decision. The VA acknowledged that he was appealing his decision. He was able to offer additional evidence. He participated in a hearing, and then he obtained a board decision. The statute says appellate review will be initiated by an NOD and completed by a substantive appeal. Your view is both of these happened. That's correct. After which a statement of the case is furnished as prescribed in the section which states such agency will prepare a statement of the case consisting of, et cetera. That was never done, was it? It was not done. It was not done. The reason I say that the facts of this case are unusual is that although it was not done, it kind of looks like it was done. We have a supplementary statement of the case. In other words, the effect of it was achieved otherwise. Yes, which makes this different than some of the cases in which the Veterans Court has found there not to be a final decision. In those cases, because of a particular failure on the part of VA, there maybe is a board decision that doesn't address the issue, and the reason is because the veteran didn't know that he was supposed to appeal and then the VA didn't address the issue. That's not the situation. Now, what is jurisdiction about 405A? Filing an NOD? That's correct. That's the only jurisdictional requirement. Substantive appeal? No. I think that if you look at the language in Section 3 of 405, the claimant is afforded a period of 60 days from the date the statement on the case is made, and that may be extended, and it's pretty much up to the board whether the board chooses to extend that or not. And the Veterans Court has held that not to be a jurisdictional provision, and we agree with that. You're saying filing an NOD is jurisdictional and substantive appeal? Both jurisdiction, but not the SSOC? Not exactly. The SOC. That's not exactly what we're saying. What we're saying is that the requirement to file an NOD is jurisdictional. There has to be some sort of notice to the VA that the veteran wants to appeal. That notice does not have to happen within the time allotted in Section 3 because Section 3 allows the VA to extend that period. And so the Veterans Court has determined that not to be a truly jurisdictional provision, and we agree with that. So we're saying one part of the statute is, the other part of the statute is not. I guess the only other thing that I would like to add is the sort of unusual intersection between what Mr. Parrish is actually requesting here, which is a determination that there was cue in the board decision, the intersection between that and the whole question of whether the board decision is final. Mr. Parrish wants the court to ignore that the board decision exists altogether, but unfortunately he's stuck with the cue analysis. Even if the board lacked jurisdiction, that can't be collaterally attacked except through cue. And once we're in the cue framework, we need to have a couple of things, an outcome determinative change, and we're stuck with the facts as they existed in 1985. So even under the best case scenario for Mr. Parrish, he's stuck with the record as it existed. So we can't say that there would be any material difference in the outcome. So there simply can't be cue. He's no longer in the cue. Isn't it really what Mr. Parrish is saying, that this case remained open because there was never any event that occurred that was necessary to validly move it along the chain of events between the RO and ultimately the BVA back in 1985? And since it remained open, the claim became one ultimately as to which he gets a retroactive priority date to 1985. That's what he's saying. Why isn't that? Well, go ahead. Well, certainly this court and the Veterans Court have on occasion found a decision to still be pending because of some kind of error. In all of those cases, though, what we have is a board decision that doesn't address the issue. Right. Here we have a board decision that addresses the issue. And what Mr. Parrish is asking for is a determination that that board decision was clear, suffered from some kind of clear and unmistakable error. No, I don't think that's what he's saying. I think he's saying that the board decision was a nullity because it lacked jurisdiction, and therefore you have to go back to the date of his original claim. Well, that's what he's saying, except he's getting there by cue. That's the only way he can get there at this point. But suppose there'd never been a board decision. Suppose that he was waiting around for his SOC and never did take an appeal. I mean, he was supposed to be told that he had a right to appeal. He wasn't, and though the claim, as far as he was concerned, just sat there. He wouldn't be barred, right? Because you wouldn't be saying that, well, the only way he can get relief is through cue, and through cue he has to go back and find a board decision, and there's no board decision, therefore he loses. That's correct. In that instance, which is more often the way this kind of case has come up, in that instance, it would still be pending. Isn't that, in effect, what he's saying here? That is what he's saying, but that's what he's trying to say. But I think that once you have a board decision that is determining the issue that is on appeal, then he's bound by the parameters and the framework of the cue analysis. But I think he's saying that board decision was as irrelevant to my claim as if you had gone over to Lafayette Park and gotten three chess players together and asked them how they wanted to rule on his case, and they'd say, oh, affirm. He's saying that board decision didn't exist. That is what he's saying. It seems to me the whole notion that it's pertinent that there was a board decision on his case doesn't address the jurisdictional essence of his claim. Well, I think it does, and this is what I was trying to say about the strange intersection of cue law and a jurisdictional analysis. I think we know as a matter of first principles that you can't go back and collaterally attack a final decision, even if there's a jurisdictional mistake, and I'm speaking just generally, not in the VA context. So the only reason why he's able to do this at all is because of this unusual cue framework that we have. So if the only way that you can look back is through cue, then you have to – I don't think you can ignore the existence of a board decision. He could have, in the first instance back in 1986, or even maybe in 1997, claimed that an earlier effective date was appropriate. But once he waited and didn't make those arguments, I think we're stuck with the cue framework. Thank you. Thank you, Ms. Burke. Ms. Booth has four minutes left. Thank you, Your Honor. Ms. Booth, suppose the 1986 decision had been favorable to the veterans instead of adverse. Under your theory, that decision would be wiped out and the VA could ignore it, right? Well, potentially, although I think VA would have the burden of showing cue, and I don't know how that issue would ever come across. Your theory is the decision was a nullity. So if it were favorable to them, it would be a nullity, just as it was a nullity if it was unfavorable to them, right? Well, I would think so, yes. However, of course, when the VA files a cue claim to revise a prior decision, frankly, there is no provision for the board to file a cue claim to revise a prior – one of its own prior decisions. In other words, you're saying it wouldn't have come up. Yeah, I believe so. Your Honor, the issue of whether the statement of the case is a jurisdictional requirement, which opposing counsel and I certainly disagree on, I think the Henderson case is instructive on this. Some of the factors that Henderson looked at in concluding that the 7266 120-day time limit for filing a notice of appeal to the court was jurisdictional and could not be waived were, number one, it looked at the fact that the statute in Henderson was – the requirement was statutorily based. It found that jurisdictionally significant. In this case, the SOC requirement is likewise statutorily based. I'm not sure I would rely too heavily on Henderson. Well, to the extent that it may or may not, who knows, survive the Supreme Court, it will be on the issue of equitable tolling and not on general principles of whether an issue is jurisdictional or not. The Henderson case also – and Henderson cited to Boyle too, the Boyles case too, so unless the Henderson court would not only reverse this court's decision but also revisit its Boyles decision, I think the principles are still solid. Henderson also looked at the time of review provision, finding it significant that it was specific in stating how, when, and where the notice of appeal was to be filed. That likewise compares to Section 4005, which is quite specific about how to initiate an appeal and how to complete the appeal. Henderson looked at whether there was any language in the statute that would suggest that Congress had an intent that there would be an exception made to the jurisdictional restriction provided therein. It found none in Henderson, and this one is particularly applicable, particularly telling in this case, because in 4005, there is an exception with regard to one element, that being the VA-9 substantive appeal, which the Veterans Court, and I would agree with opposing counsel that that is a good decision, that it is a supportable decision. The VA-9 substantive appeal, because of the discretionary language, is not jurisdictional. That language contrasts with the mandatory language in the same statute with respect to the notice of disagreement in the statement of the case. Clearly, Congress knew how to do that because it did it with respect to one element, but only one element. Finally, the Henderson Court also considered the factor of whether there might be any intention in the legislative history of the jurisdictional statute, which would suggest that it was intended that an exception could be made. I am not aware of any legislative history with respect to 38 U.S.C. 4005, current 7105, nor has the government shared any of that history with us. So in each factor in Henderson, this case goes right down the line that this is indeed a jurisdictional requirement issuance of the notice of disagreement issue of the statement of the case. Consequently, Your Honor, laws of jurisdiction are construed very narrowly to affect the intention of Congress. I think your time has just caught up. Ms. Booth, do you have any final, cogent statement you wish to make? My only final cogent statement, Your Honor, would be to suggest that the harmless error analysis would not apply in a jurisdictional issue because jurisdiction cannot be waived. Thank you, Your Honor. Thank you. We'll take the case under advisement.